UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. 4:12-cr-40019-SLD-JAG |
| LEON LEE LINDSEY, JR., | ) ) ) |
| Defendant. | ) |

ORDER

Before the Court is Defendant Leon Lindsey's Motion to Compel Discovery of Government's Expert Witness' Testimony, ECF No. 24, and Defendant's Motion for *Daubert* Hearing, ECF No. 20.  For the reasons set forth below, the Motion to Compel is DENIED, and the Motion for *Daubert* Hearing is GRANTED.

**BACKGROUND**

These Motions concern the anticipated testimony of the Government's expert witness, BATF Firearms and Toolmark Examiner Jennifer J. Owens, on whether certain spent cartridge cases collected in the investigation of Defendant were fired from the same gun.  In response to Defendant's requests for discovery, the Government provided a two-page BATF report to Defendant on November 9, 2012, and a twenty-two-page report prepared by Ms. Owens—including notes, photographs, and conclusions—to Defendant on January 24, 2013.  Defendant then moved under Federal Rule of Criminal Procedure 16(a)(1)(G) ("Rule 16") for more specific information about Ms. Owens's bases and reasons for her opinions.[1]  At a hearing on February

---

[1] Defendant's Motion, E.C.F. No. 20, also moved to bar Ms. Owens's testimony and to hold a *Daubert* hearing.

1

28, 2013, this Court asked the Government to supplement its disclosure to Defendant regarding the bases and reasoning for Ms. Owens's conclusions.

On April 12, 2013, the Government gave Defendant a five-page supplemental report, in which Ms. Owens gave some background information and outlined, in a narrative, her methodology in this particular case. Defendant then moved to compel discovery because, he argues, the supplemental report still does not bring the Government in line with the requirements of Rule 16:

> [N]owhere in her supplemental report does Examiner Owens specify what individual marks of value were identified, nor does she explain how she determined them to be in sufficient agreement and to what extent so as to conclude that all three cartridges were fired in the same gun. Consequently, defense counsel can only speculate or hypothesize how Examiner Owens arrived at her conclusion or "identification" that all three spent cartridges were "fired in the same firearm."

Def's Mot. Compel Disc. ¶ 10, ECF No. 24. The Court heard argument on the Motion to Compel on August 29, 2013.

## DISCUSSION

In his Motions, Defendant challenges the sufficiency of the Government's disclosure of Ms. Owens's bases and reasons for her opinions, and the adequacy of those bases and reasons themselves. Regarding the first concern, Rule 16 dictates that at Defendant's request, the Government must give Defendant a "written summary" of expert testimony it intends to offer during its case-in-chief at trial. Fed. R. Crim. P. 16(a)(1)(G). "The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." *Id.* As the Advisory Committee notes explain, this rule is "intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Fed. R. Crim. P. 16 advisory

2

committee's notes.  Therefore, the written summary should not merely be a list of topics.  *See United States v. Duvall,* 272 F.3d 825, 828 (7th Cir. 2001).

Here, the Government has given Defendant Ms. Owens's CV, and three reports that (to varying degrees) detail her conclusions, describe her methodology, and document the physical evidence that she examined.  Counsel for the Government states: "I think her testimony will be exactly as is set forth in this report and which has been explained in the five-page letter."  Mot. Compel Hr'g Tr. 50, August 29, 2013.  Similarly, the Government's Response to the Motion to Compel, ECF No. 26, posits: "There is nothing more the United States could provide short of Ms. Owens' direct examination and the anticipated answers to those questions."  Resp. Mot. Compel 4, ECF No. 26.  The Court finds, therefore, that the Government's disclosure has satisfied the requirements of Rule 16.  The question now becomes whether the reasons and bases for Ms. Owens's opinions that have been disclosed are sufficient to admit her expert testimony.

This Court therefore DENIES Defendant's Motion to Compel and GRANTS his Motion for a *Daubert* Hearing.  ECF No. 24; ECF No. 20.  Defendant questions the relevance and reliability of Ms. Owens's reports under Federal Rule of Evidence 702 and the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).  To admit Ms. Owens's testimony, this Court "must determine whether the witness is qualified; whether the expert's methodology is scientifically reliable; and whether the testimony will assist the trier of fact to understand the evidence or to determine a fact in issue."  *Myers v. Illinois Cent. R. Co.*, 629 F.3d 639, 644 (7th Cir. 2010) (quoting *Ervin v. Johnson & Johnson, Inc.,* 492 F.3d 901, 904 (7th Cir. 2007)).  The Court agrees that an evidentiary hearing will be useful in making that determination.

## CONCLUSION

Defendant's Motion to Compel Discovery of Government's Expert Witness' Testimony, ECF No. 24, is DENIED.  Defendant's Motion for *Daubert* Hearing, ECF No. 20, is GRANTED.

Entered this 18th day of September, 2013.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
